IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:24-cv-00398-DGK ) |
| LEWIS MCDANIEL, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFAULT JUDGMENT

This declaratory judgment action arises from a life insurance policy issued on the life of Defendant Lewis McDaniel. Plaintiff North American Company for Life and Health Insurance alleges Defendant made material misrepresentations in his application that had a significant bearing on it issuing the policy. Plaintiff seeks recission of the policy and a declaration that the policy is void *ab initio*.

On December 17, 2024, the Court made an entry of default against Defendant for his failure to plead or otherwise defend. ECF No. 6. Now before the Court is Plaintiff's Motion for Default Judgment. ECF No. 7. For the reasons stated below, the motion is GRANTED.

### Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter default judgment against a defendant for failure "to plead or otherwise defend," following a clerk's entry of default. *See* Fed. R. Civ. P. 55(a). In considering a motion for default judgment, the Court takes as true all factual allegations in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). If the resulting facts constitute a legitimate cause of action, the Court may enter default judgment against a defendant. *Id.*

## Background[1]

Plaintiff North American is a life insurance company incorporated and existing under the laws of the State of Iowa. Defendant is the individual owner and insured under the policy at issue.

On or about January 27, 2023, Defendant submitted an application to Plaintiff for a $212,000 term life insurance policy, insuring his life. In doing so, Defendant was required to provide truthful information and responses. One of the questions on the application asked Defendant to disclose whether he had ever used any form of marijuana, whether legal or not, in the last 24 months. Defendant stated he had not used any form of marijuana during that time-period. Pursuant to the applicable underwriting principles, the application would have been declined had Plaintiff answered affirmatively.

On February 1, 2023, and in reliance upon Defendant's representations, Plaintiff issued a life insurance policy with a total death benefit of roughly $212,000. Defendant's application was incorporated into policy.

Sometime after the policy was issued, Plaintiff learned that Defendant misrepresented his marijuana use. Specifically, Defendant's medical records showed he uses CBD oil daily, uses illicit or recreational drugs multiple times daily, and has had a diagnosis of cannabis dependence since March 2, 2021.

On July 25, 2023, Plaintiff sent Defendant a letter explaining it would like to rescind the policy because he misrepresented his marijuana use and requested his mutual agreement to do so. Plaintiff sent a follow up email on September 7, 2023. Defendant responded that the medical records were incorrect. Defendant has failed to provide corrected copies of his medical records.

---

[1] Because Defendant failed to plead or otherwise defend this lawsuit, the Court takes all facts in Plaintiff's complaint as true. *See Murray*, 595 F.3d at 871.

## Discussion

After careful review of the record, the Court finds Plaintiff is entitled to default judgment. Under Missouri law, an insurance company may "avoid a policy by showing that a representation is both false and material when: (1) the representation is warranted to be true, (2) the policy is conditioned upon its truth, (3) the policy provides that its falsity will avoid the policy, or (4) the application is incorporated into and attached to the policy." *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 346 (8th Cir. 2009) (citation omitted).

These elements are present here. Defendant represented that the answers in his application were true; he misrepresented his history of marijuana use; the policy was conditioned on his marijuana use; Plaintiff relied on his representations when issuing the policy; and the application was incorporated into the policy.

Accordingly, the life insurance policy is rescinded and is declared void *ab initio*.

**IT IS SO ORDERED.**

Dated: April 2, 2025 　　　　　　　　　　　　　　/s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE  
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT